UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADA CARMONA ELIZONDO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-36 |
| | § | |
| GREAT LAKES INSURANCE SE; fka | § | |
| GREAT LAKES REINSURANCE (UK), *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

The Court now considers the motion to dismiss,[1] filed by Jose Lopez ("Defendant Lopez"), and the motion to remand,[2] filed by Ada Carmona Elizondo ("Plaintiff"). After duly considering the record and relevant authorities, the Court **DISMISSES** Defendant Lopez **WITHOUT PREJUDICE**, AND **DENIES** Plaintiff's motion to remand.

### I.    Background

This is an insurance case for damages to Plaintiff's property allegedly caused by a storm.[3] Plaintiff submitted a claim to Great Lakes Insurance SE ("Great Lakes"),[4] and Defendant Lopez subsequently inspected Plaintiff's property.[5] Dissatisfied with the adjustment and payment on her insurance claim, Plaintiff filed suit against Great Lakes and Defendant Lopez in state court on October 20, 2016.[6] The case was ultimately removed on February 2, 2017.[7] Thereafter,

---

[1] Dkt. No. 3.
[2] Dkt. No. 7.
[3] Dkt. No. 1-3, at p. 6.
[4] *Id.*
[5] *Id.* at p. 7.
[6] *Id.* at p. 4.
[7] Dkt. No. 1.

Defendant Lopez filed the instant motion to dismiss, and Plaintiff filed the instant motion to remand. Both motions concern whether Defendant Lopez is a proper party to this suit.

## II. Leave to Amend

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend his pleadings once as a matter of course within 21 days after serving it, or if the pleading requires a responsive pleading, within 21 days after a responsive pleading is served. Thereafter, a party may amend only with written consent of the opposing party or by leave of the Court.[8] Since Plaintiff cannot amend as a matter of course[9] and does not provide written consent of Defendants, Plaintiff requires leave of Court to amend.

Plaintiff's response to Defendant Lopez's motion to dismiss includes a request for leave to amend.[10] Plaintiff specifically requests leave if the Court finds her original petition "either (a) fails to meet the pleading sufficiency standards under the Federal Rules or (b) fails to state a claim upon which relief can be sought[.]"[11] Since this request arises in response to a motion to dismiss a defendant for improper joinder, the request may be futile to grant "because a complaint amended post-removal cannot divest a federal court of jurisdiction."[12] Here, Plaintiff has failed to attached a proposed amended complaint or even indicate what amendments she would make beyond "address[ing] any deficiencies identified by this Court."[13] Thus, it appears to the Court that Plaintiff seeks amendment to defeat diversity. The Court will first evaluate the complaint at the time of removal. If jurisdiction exists, the Court will not grant leave for the purpose of providing Plaintiff an opportunity to destroy diversity jurisdiction.

---

[8] Fed. R. Civ. P. 15(a)(2).
[9] The Court notes that Plaintiff has not filed, even as an exhibit, an amended complaint, and thus her filing is not "as a matter of course."
[10] Dkt. No. 9, at ¶ 24.
[11] *Id.*
[12] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[13] Dkt. No. 9, at ¶ 24.

### III.  Legal Standard

The residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.[14] The Fifth Circuit recognizes two manners by which improper joinder may occur: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[15] The Fifth Circuit has interpreted the second manner to mean that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[16] To determine whether a plaintiff has a reasonable basis for recovery, courts evaluate the sufficiency of the pleadings against non-diverse parties under the federal pleading standards.[17]

*Twombly* and *Iqbal* lay out a two-prong approach to Rule 12(b)(6) dismissal motions,[18] which is relevant here for understanding what constitutes the baseline federal pleading standard.[19] First, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[20] A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Second, the plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[22] "Nor does a complaint suffice if it tenders naked assertion[s] devoid of

---

[14] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[15] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[16] *Id.* at 53.
[17] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*, 818 F.3d 193, 208 (5th Cir. 2016).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 ("Our decision in *Twombly* illustrates the two-pronged approach.").
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[20] *Id.*
[21] *Iqbal*, 556 U.S. at 678.
[22] *Id.*

further factual enhancement."[23] Thus, although courts must accept as true all well-pleaded facts, they need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations."[24]

## IV.    Discussion

Plaintiff's original petition alleges that Defendant Lopez violated Sections 541 and 542 of the Texas Insurance Code, as well as one provision of the Texas Administrative Code.[25] In her response to Defendant Lopez's motion to dismiss, Plaintiff explains that she "will forego the cause[] of action under Section 542 of the Texas Insurance Code alleged against Defendant Lopez."[26] As a result, the only remaining claims against Defendant Lopez under the Texas Insurance Code are for the alleged violations of Section 541.

Here, Plaintiff fails to state any Texas Insurance Code claim in accordance with the federal pleading standards. Plaintiff largely tracks the statutory language of each respective provision asserted,[27] and insofar as this is the case, Plaintiff's allegations are conclusory and will be ignored because they are not entitled to the assumption of truth.[28] The only allegations that do not ostensibly track the applicable statutory language are as follows:

- "[I]gnoring damage known to be covered by the Policy[.]"[29]

- "[C]onducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim."[30]

These statements do not render Plaintiff's claims well-pled because they are conclusory and simply "naked assertions devoid of further factual enhancement."[31] As another district court has

---

[23] *Id.*
[24] *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").
[25] Dkt. No. 1-3, at pp. 11–13.
[26] Dkt. No. 9, at ¶ 22.
[27] Dkt. No. 1-3, at pp. 11–12.
[28] *Iqbal*, 556 U.S. at 679.
[29] Dkt. No. 1-3, at p. 11.
[30] *Id.*

stated under similar circumstances, "[t]hese factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions."[32] Plaintiff does not specify what known covered damage was ignored by Defendant Lopez, or what basis she has to assert that Defendant Lopez conducted an outcome-oriented investigation. Without any factual support, these alleged Texas Insurance Code violations fail to state a claim. Thus, all of Texas Insurance Code claims against Defendant Lopez do not survive under Rule 12(b)(6).

Further, Plaintiff alleges that Defendant Lopez violated Section 21.203(5) of Title 28 of the Texas Administrative Code, but fails to provide any facts in support of this claim. This particular provision of the Texas Administrative Code makes it an unfair settlement practice for an *insurer* to "compel[] policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought them[.]"[33] Since Defendant Lopez is an adjuster, not an insurer, this particular provision does not apply to him. As a result, all of Plaintiff's claims against Defendant Lopez fail to state a claim.

---

[31] *Iqbal*, 556 U.S. at 678.
[32] *Johnson v. The Travelers Home & Marines Ins. Co.*, CV H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016).
[33] *See* 28 Tex. Admin. Code § 21.202(6) (defining "insurer" but not including adjuster).

## V.      Holding

Plaintiff has not adequately pled any claim against Defendant Lopez under the federal pleading standards. Thus, Defendant Lopez was improperly joined in this case and his residency is disregarded for purposes of diversity jurisdiction. Pursuant to Fifth Circuit dictate,[34] Defendant Lopez is **DISMISSED WITHOUT PREJUDICE.** Because the only remaining parties— Plaintiff and Great Lakes—are completely diverse, the Court has diversity jurisdiction over this case. Accordingly, Plaintiff's motion to remand and motion for leave are **DENIED.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of April, 2017.

Micaela Alvarez
United States District Judge

---

[34] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp, Ltd*, 818 F.3d 193, 209 (5th Cir. 2016).